FILED
CLERK

3:21 pm, Jan 30, 2024

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DAVID STERN On Behalf of Himself and All
Other Persons Similarly Situated,

                          Plaintiff,

            -against-                                           **REPORT AND**
                                                                **RECOMMENDATION**
ELECTROLUX HOME PRODUCTS, INC.,                                 22-CV-3679 (JMA)(ARL)

                          Defendant.
---------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

Plaintiff  David Stern, on behalf of himself and all other persons similarly situated

("Plaintiff") brings this action alleging violations of New York General Business Law ("GBL")

sections 349 and 350, fraudulent concealment, negligent misrepresentation, unjust enrichment,

breaches of warranty and the implied covenant of good faith and fair dealing against Defendant

Electrolux Home Products, Inc. ("Defendant").  Before the Court, on referral from District Judge

Azrack, is Defendant's motion to dismiss the Complaint ("Compl.") pursuant to Federal Rules of

Civil Procedure ("Rule")12(b)(6) and 9(b).  For the reasons set forth below, the undersigned

respectfully recommends that the motion be granted.

## BACKGROUND

### I.  Factual Averments

The following facts are drawn from the Complaint and are accepted as true for purposes

of the instant motion.  *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).  These

facts, however, do not constitute findings of fact by the Court.  *See Colvin v. State University*

*College at Farmingdale*, No. 13-CV-3595 (SJF)(ARL), 2014 U.S. Dist. LEXIS 85678, 2014 WL

2864224, at *1 n.1 (E.D.N.Y. June 19, 2014).

Plaintiff David Stern, a citizen of the state of New York, purchased a new Frigidaire Gallery 22.2 Cu. Ft. counter depth side–by-side refrigerator-stainless steel, model number FGSC2335TF (the "Refrigerator") from Plesser's Appliance in Babylon, New York on November 29, 2019.  The Refrigerator was delivered and installed in February 2020.  Compl. ¶¶ 30-31.  Plaintiff alleges that since Plaintiff was redoing his kitchen he purchased all matching appliances that were Frigidaire brand, Gallery Series.  *Id*.  Plaintiff purports to represent a nationwide class including "[a]ll persons or entities residing in the United States who own, or have owned, Electrolux refrigerator models DGHK2355TF, FGHC2355PF, FGHC2331PF, LGHK2336TF, LGHK2336TD, FGSC2335TD, FGSC2335TF, FGSS2335TF, GRSS2652AF, GRSS2352AF, GRSC2352AD and GRSC2352AF and/or any other Electrolux refrigerator model containing a defect that causes the refrigerator's shelves and drawer and associated parts to break prematurely and continuously" (the "Class").  *Id*. at ¶ 71.  Alternatively, Plaintiff seeks to represent the same class limited to persons or entities residing in New York.   *Id*. at ¶ 72.

Defendant Electrolux is a Delaware corporation, with its principal place of business in Charlotte, North Carolina.  Frigidaire is Electrolux's largest brand in North America.  *Id*. at ¶13.  Electrolux has designed, manufactured, warranted, marketed, advertised and sold the Gallery Line of appliances, including refrigerators to thousands of consumers throughout the United States since 2017.  *Id*. at ¶ 3.  According to Plaintiff, Electrolux is one of the world's leading manufacturers of refrigerators and other appliances. It sells high-end refrigerators through major retail stores such as Best Buy and Lowes, as well as smaller home appliance retailers, such as Plessers, to consumers throughout the United States.

Plaintiff alleges that Defendant markets its refrigerators as highly rated, top-of the-line

appliances touting special features such as CrispSeal® Plus Crisper "to help prevent produce from spoiling: advanced CrispSeal® Plus keeps produce fresh with a seal that blocks out dry air, plus an added filter reduces the gas that causes produce to ripen faster." The "EvenTemp™ Cooling System [to] keep your food fresh and reduce freezer burn with our variable speed compressor that reacts quickly to temperature fluctuations and constantly circulates cold air throughout the fresh food and freezer compartments" and "SpaceWise® Organization System" so you can "Find a place for everything with our flexible organization system, including three removable glass shelves, adjustable gallon door bin, and a slim design ice maker that holds 9 pounds of ice without taking up valuable shelf space." *Id.* at ¶ 19.  Plaintiff further contends that these refrigerators are designed and manufactured with a uniform and inherent design and/or manufacturing defect that causes the refrigerators to have faulty shelves and drawers which are very flimsy and repeatedly crack, break and fall apart as early as within months of purchase (the "Defect"). *Id.* at ¶¶ 1, 4.  According to Plaintiff, the Defect was a known issue to Defendant at or about the time it began distributing refrigerators containing the Defect as evidenced by Defendant's decision to begin selling replacement shelf frames in 2010. *Id.* at ¶¶ 44-45. Plaintiff contends that Defendant has received multiple complaints regarding this Defect. *Id.* at ¶¶ 47-48.  Plaintiff also alleges that "in its uniform marketing and advertising, Electrolux falsely represented that the Refrigerators were free from defects." *Id.* at ¶ 54.  Plaintiff contends that if he had known about the Defect, he would have never purchased the refrigerator or would have paid less for it. *Id.* at ¶ 62f.

According to Plaintiff, within one year of purchase, he began experiencing the Defect with three shelves, when the drawers underneath the shelves began breaking. *Id.* at ¶ 32.  In the Complaint, Plaintiff claims that he "notified both Electrolux Customer Care and Plesser's

Appliances that the shelves were breaking but Electrolux advised him that it was too late to utilize the warranty." *Id*. at ¶ 33. Plaintiff further alleges that "[c]onsumers, including Plaintiff, have complained repeatedly to Electrolux about this Defect, but Electrolux refuses to address and rectify the problem and has failed and refused to reimburse customers for lost groceries, replacement parts or repairs, citing expired warranty periods." *Id*. at ¶ 47.

Plaintiff asserts seven causes of action on behalf of the Class and subclass arising out of the above described conduct: violation of GBL Sections 349 and 350 (Count One), fraudulent concealment/nondisclosure (Count Two), breach of implied warranties of fitness for a particular purpose and merchantability (Count Three); breach of express warranty (Count Four); unjust enrichment (Count Five), negligent misrepresentation (Count Six), and breach of good faith and fair dealing (Count Seven).

## II.  Procedural History

Plaintiff filed the original complaint in this action on June 22, 2022. ECF No. 1. On March 17, 2023, Defendant filed a fully briefed motion to dismiss in accordance with Judge Azrack's bundle rule. ECF No. 26. In support of the motion to dismiss Defendant relies upon its Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Class Action Complaint ("Def. Mem.") and the Declaration of Michael T. Williams in Support of Defendant's Motion to Dismiss Plaintiff's Class Action Complaint, which attaches the Frigidaire Use and Care Guide for the Frigidaire Gallery Series Refrigerator model no. FGSC2335TF. Plaintiff has responded to the motion to dismiss and relies upon Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss Plaintiff's Class Action Complaint ("Pl. Mem."). By Order dated November 1, 2023, Judge Azrack referred the motion to the undersigned for a report and recommendation.

## DISCUSSION

I. **Standard of Review**

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556

U.S. 662 (2009), in which the Court set forth a two-pronged approach to be utilized in analyzing

a motion to dismiss.  District courts are to first "identify [ ] pleadings that, because they are no

more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.  Though "legal

conclusions can provide the framework of a complaint, they must be supported by factual

allegations." *Id.*  Second, if a complaint contains "well-pleaded factual allegations, a court

should assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it

asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id.* at 678 (citing

(citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556-57, 127 S. Ct. 1955, 167 L. Ed. 2d 929

(2007) (internal citations omitted)).  While a pleading need not contain "'detailed factual

allegations,'" it must nevertheless contain more than "an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Iqbal*, at 678. "Determining whether a complaint states a plausible claim

for relief" is a "context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id*. at 679.

This pleading standard is modified by Rule 9(b), which requires a plaintiff asserting fraud

claims to meet a heightened pleading standard.  While Rule 8(a) usually requires only a "short

and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(a), a

plaintiff asserting fraud must "state with particularity the circumstances constituting fraud or

mistake." Fed. R. Civ. P. 9(b).   The purposes of Rule 9(b)'s particularity requirements are "to

provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit." *O'Brien v. Nat'l Prop. Analysts Partners,* 936 F.2d 674, 676 (2d Cir. 1991) (citations and internal quotation marks omitted). Recently, in a consumer products case asserting claims similar to those asserted here, the Second Circuit reaffirmed the applicable pleading requirements under Rule 9(b), noting "[w]e have held that to satisfy Rule 9(b)'s requirement that 'a party . . . state with particularity the circumstances constituting fraud or mistake,' Fed. R. Civ. P. 9(b), 'the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *MacNaughton v. Young Living Essential Oils,* LC, 67 F.4th 89, 99-100 (2d Cir. 2023) (quoting *Mills v. Polar Molecular Corp*., 12 F.3d 1170, 1175 (2d Cir. 1993)).

"On a motion to dismiss pursuant to Rule 12(b)(6), the district court's task is to assess the pleadings to determine whether they contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. In performing this exercise, district courts 'may review only a narrow universe of materials,' which includes 'facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, . . . matters of which judicial notice may be taken,' as well as 'document[s] not expressly incorporated by reference in the complaint [that are] nevertheless integral to the complaint.'" *Clark v. Hanley*, 89 F.4th 78 (2d Cir. 2023) (citing *Int'l Code Council, Inc. v. UpCodes Inc.,* 43 F.4th 46, 53 (2d Cir. 2022); *Goel v. Bunge, Ltd.,* 820 F.3d 554, 559 (2d Cir. 2016) (internal quotation marks, alterations, and citations omitted)). "A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'" *Id.* (citation and internal

quotation marks omitted).  "Merely mentioning a document in the complaint will not satisfy this standard; indeed, even offering 'limited quotation[s]' from the document is not enough." *Id.* (quoting *Global Network Comm., Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006)). "'In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason -- usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim -- was not attached to the complaint." *Id. (quoting Global Network*, 458 F.3d at 157)).  In connection with the motion to dismiss, Defendant submits the Declaration of Michael T. Williams in Support of the Motion to Dismiss, which attached a document outside of the Complaint -- the Electrolux Major Appliance Warranty.  ECF No. 50.  Defendant argues that the "Complaint is replete with reference to and claims regarding Electrolux warranties" and therefore the warranty should be considered integral to the Complaint.[1]  Def. Mem. at 3 n.1.  The Court agrees.   Accordingly the Court will consider the language of the warranty.  *See, e.g., Meserole v. Sony Corp. of Am., Inc*., 08 Civ. 8987(RPP), 2009 U.S. Dist. LEXIS 42772, at *3 n.3, 2009 WL 1403933 (S.D.N.Y. May 19, 2009) ("[a]lthough Plaintiffs did not include a copy of the limited warranty at issue in their Complaint, because the warranty is explicitly relied upon by Plaintiffs in support of their Complaint, this Court may consider the warranty without converting the motion to dismiss into one for summary judgment").

## II.  Analysis

### A.  Failure to Satisfy Rule 9(b)

Defendant moves to dismiss Plaintiff's claims under GBL Sections 349 and 350 ("Count

---

[1] Plaintiff has not objected to the Court's consideration of the Electrolux Major Appliance Warranty.

One"), fraudulent concealment (Count Two), unjust enrichment (Count Five) and negligent misrepresentation (Count Six) pursuant to Rule 9(b).  Def. Mem. at 6.  As discussed above, Rule 9(b) requires that where a claim contains allegations of fraud such claims must be pleaded with particularity. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  However, not all of the claims Defendant seeks to dismiss are subject to the heightened pleading standard of Rule 9(b).  "Claims under GBL §§ 349 & 350 are 'not subject to the pleading-with-particularity requirements of Rule 9(b)' . . . . They 'need only meet the bare-bones notice-pleading requirements of Rule 8(a).'" *Manchanda v. Navient Student Loans*, No. 19-CV-5121, 2020 U.S. Dist. LEXIS 179428, 2020 WL 5802238, at *5 (S.D.N.Y. Sept. 29, 2020) (quoting *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005)); *see also Greene v. Gerber Products Co.,* 262 F. Supp. 3d 38, 67 (E.D.N.Y. 2017) ("Claims under GBL sections 349 and 350 are not subject to the pleading-with-particularity requirements of Rule 9(b)").

Plaintiff's fraudulent concealment claim is plainly subject to the heightened pleading standard of Rule 9(b).  *See Oden v. Boston Sci. Corp*., 330 F. Supp. 3d 877, 898 (E.D.N.Y. 2018).  With respect to Plaintiff's unjust enrichment claim, when an unjust enrichment claim "sounds in fraud," it must "satisfy th[e] heightened pleading standard" of Rule 9(b). *MacNaughton,* 67 F.4th at 99.  Here, Plaintiff incorporates by reference each of his earlier allegations and alleges Plaintiff and the Class were misled by Defendant's failure to disclose the Defect.  Compl.¶ 129.  This claim "sounds in fraud," subjecting it to the heightened pleading standard of Rule 9(b).  Finally, while the Second Circuit has not determined whether claims for negligent misrepresentation are subject to the heightened pleading standard under Rule 9(b), district courts in this circuit have tended to hold that the rule does apply.  *See Eternity Global*

8

*Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 188 (2d Cir. 2004).  Where, as here, Plaintiff asserts "negligent misrepresentation claim[s] . . . based on the same set of facts as those upon which a fraud claim is grounded, Rule 9(b) applies to the negligent misrepresentation claim[s] as well." *Eaves v. Designs for Fin., Inc.*, 785 F. Supp. 2d 229, 254-55 (S.D.N.Y. 2011) (collecting cases).  Accordingly, the Court will apply the heightened pleading standard of Rule 9(b) to Plaintiff's claims for fraudulent concealment, unjust enrichment and negligent misrepresentation.

Rule 9(b) is designed to "(1) provid[e] a defendant fair notice of plaintiff's claim, to enable preparation of defense; (2) protect[] a defendant from harm to his reputation or goodwill; and (3) reduc[e] the number of strike suits." *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987).   On a motion to dismiss, allegations of fraud must satisfy the heightened pleading standards of Rule 9(b) by stating the circumstances constituting the fraud "with particularity."  Fed. R. Civ. P. 9(b).  The Second Circuit reads Rule 9(b) to require that a complaint "'(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'"  *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)).  Moreover, "though mental states may be pleaded 'generally,' Plaintiffs must nonetheless allege facts 'that give rise to a strong inference of fraudulent intent.'"  *Loreley Fin. No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 171 (2d Cir. 2015) (quoting *Lerner v. Fleet Bank, N.A.,* 459 F.3d 273, 290-91 (2d Cir. 2006)).

Recently, in *MacNaughton*, 67 F.4th at 99, the Second Circuit found Plaintiff had satisfied Rule 9(b) because the "Complaint clearly and repeatedly alleges that [defendants] falsely labeled the Products 'therapeutic-grade' and falsely promised that the Products confer

health and medicinal benefits. . . . [plaintiff] purchased the Products based on Young Living's claims but found that they did not provide the promised benefits. . . . in support of her claim that these were empty promises, [plaintiff] cites to conclusions reached by the NAD, the NARB, and the three studies finding insufficient evidence for the conclusion that aromatherapy is an effective treatment for anxiety and other conditions. . . . And though [plaintiff] alleges that all of [defendants'] Products were marketed with false promises, she specifies that '[i]n the last four years, and specifically on or around February 2020' she purchased six of the oils online. . . . The First Amended Complaint also lists the specific beneficial effects promised for three of the oils." *Id.*

Here, to the contrary, Plaintiff has failed to offer facts to support his conclusory allegations of fraud.   In response to Defendant's motion to dismiss, Plaintiff refers the Court to Paragraph 62 of the Complaint, which, according to Plaintiff provides the detail necessary to satisfy Rule 9(b).  A careful review of Paragraph 62 reveals that Plaintiff has done nothing more than string together a series of conclusory allegations; who – defendant; what - did not reveal the drawers may break; when – from the date the first unit was sold; where – in every communication ever made to anyone in the chain of distribution; how - by omitting to discuss the Defect; why – to convince consumers to purchase full price refrigerators.  Compl. ¶ 62. These conclusory allegations are insufficient to satisfy Rule 9(b).  In Paragraph 56, Plaintiff alleges that Defendant made "uniform omissions and misrepresentations in its marketing and advertising," yet Plaintiff fails to specifically identify a single statement made by Defendant in any of its marketing or advertising materials, and while Plaintiff argues Defendant represented its products were of a high quality, no specific statement to that affect is referenced.  In Paragraph 54, Plaintiff alleges that "in its uniform marketing and advertising, Electrolux falsely

represented that the Refrigerators were free from defects," however, no actual statements by Defendant containing this purported representation are identified.

In addition, Plaintiff attempts to allege scienter by alleging Defendant was motivated to sell the refrigerators at a higher price.  Compl. ¶ 62.  However, "pointing to a company's general profit motive is insufficient to plead scienter." *Gordon v. Target Corp*., No. 20-CV-9589, 2022 U.S. Dist. LEXIS 48769, at *56, 2022 WL 836773 (S.D.N.Y. Mar. 18, 2022); *see also Newman v. Bayer Corp.,* No. 22-CV-7087 (KMK), 2023 U.S. Dist. LEXIS 174165, at *30 (S.D.N.Y. Sep. 28, 2023) ("it is well-settled that a company's general profit motive is insufficient to plead scienter"); *Orange Transp. Servs., Inc. v. Volvo Grp. N. Am., LLC*, 450 F. Supp. 3d 311, 325 (W.D.N.Y. 2020) ("prospect of [defendant] increasing its sales . . . does not support [plaintiff's] allegation of fraudulent intent"); *Duran v. Henkel of Am., Inc.,* 450 F. Supp. 3d 337, 354 (S.D.N.Y. 2020) ("[S]imply alleging a defendant's self-interested desire to increase sales does not give rise to an inference of fraudulent intent.").  Plaintiff's scienter allegation amounts to nothing more than an allegation that Defendant commit fraud in an effort to generate higher revenue which is insufficient to allege scienter under Rule 9(b).

Accordingly, the undersigned respectfully recommends Plaintiff's claims for fraudulent concealment, unjust enrichment and negligent misrepresentation be dismissed for failure to comply with Rule 9(b).

## B.  Failure to State a Claim

### 1.  New York GBL Sections 349 and 350 (Count One)

As recognized by this Court in *Casio v. Vineyard Vines, LLC*, No. 19-CV-5135 (JMA) (AYS), 2021 U.S. Dist. LEXIS 25115, 2021 WL 466039 (E.D.N.Y. Feb. 9, 2021)

Section 349 of the [GBL] prohibits '[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state.' NYGBL §

349(a). Similarly, Section 350 of the NYGBL bars '[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state.' *Id*. § 350. To state a claim under either Section 349 or Section 350 of the NYGBL, 'a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'

*Id*. at *4 (quoting *Orlander v. Staples, Inc*., 802 F.3d 289, 300 (2d Cir. 2015)). "Claims under GBL §§ 349 and 350 are available to 'an individual consumer who falls victim to misrepresentations made by a seller of consumer goods through false or misleading advertising." *Solomon v. Bell Atl. Corp*., 777 N.Y.S.2d 50 at 54 (2004). "Although the question of whether a business practice or advertisement is misleading to the reasonable consumer is generally a question of fact, it is 'well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer.'" *Fink v. Time Warner Cable*, 714 F.3d 739 at 741 (2d Cir. 2013).

Defendant moves to dismiss Plaintiff's claim under the GBL because Plaintiff fails to allege facts that, if true, would show Defendant's "conduct materially misled him and induced him to buy the Refrigerator." Def. Mem. at 10. According to Defendant, Defendant's advertisement of the Refrigerators as "highly rated" and "top of the line" was puffery, which is not the basis for an actionable section 349 or 350 claim. *Id*. (citing *Verizon Directories Corp. v. Yellow Book USA, Inc*., 309 F. Supp. 2d 401, 405 (E.D.N.Y. 2004); S.*Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp*., 84 F.3d 629, 637 (2d Cir. 1996) (affirming dismissal of section 349 claim because "a reasonable consumer would not have been deceived or defrauded by [Defendant's] actions")). Defendant also argues that Plaintiff has failed to allege he has "seen the misleading statements of which he complains before he came into possession of the products he purchased." Id. (citing *Goldenberg v. Johnson & Johnson Consumer Cos., Inc*., 8 F. Supp. 3d 467, 480 (S.D.N.Y. 2014)). In response, Plaintiff argues that he has alleged "specific claims regarding

the parts in issue which prematurely broke on [Plaintiff's] refrigerator, not generalized 'puffery,'" and that the Complaint "adequately alleged an omission claim under the GBL based on Defendant knowingly failing to disclose a defect that was solely within Defendant's knowledge." Pl. Mem. at 11.

First, to the extent Plaintiff's claims under the GBL relate to statements regarding the high quality of Defendant's products, those claims must be dismissed. Recently, the Second Circuit has sets forth a critical distinction between subjective statements that are non-actionable puffery as a matter of law, and objective statements that are provable and not so facially implausible that no reasonable buyer could justifiably rely on them in *Int'l Code Council, Inc. v. UpCodes Inc*., 43 F.4th 46 (2d Cir. 2022). A statement that a product line is of high quality is a subjective statement which is non-actionable. In *Lin v. Canada Goose US, Inc.*, 640 F. Supp. 3d 349 (S.D.N.Y. 2022) the Court found that "[a] reasonable consumer would recognize the words 'high quality' as a 'general claim of superiority over comparable products that is so vague that it can be understood as nothing more than a mere expression of opinion.'" *Id.* at 359 (quoting *Time Warner Cable, Inc. v. DIRECTV, Inc*., 497 F.3d 144, 160 (2d Cir. 2007) (characterizing puffery as "[s]ubjective claims about products, which cannot be proven either true or false.")); *see also Matter of Sundial Growers, Inc. Sec. Litig*., 191 A.D.3d 543, 138 N.Y.S.3d 330, 330 (1st Dep't 2021) (concluding that statements in offering materials related to high quality and premium products were non-actionable puffery or, in the alterative, nonactionable opinion).

Turning next to Plaintiff's assertion in response to Defendant's motion to dismiss that he is claiming to have been mislead by Defendant's statement that this model refrigerator will allow consumers to "Find a place for everything"; "experience the ultimate in flexibility"; and "[m]ake room for all of your items," Pl. Mem. at 11, 15, 17, as recognized by Defendant none of these

statements relate to the durability or quality of the shelves and drawers. Plaintiff also contends that "Plaintiff has adequately alleged an omission claim under the GBL based on Defendant knowingly failing to disclose a defect that was solely within Defendant's knowledge." Pl. Mem. at 11. In the Complaint, Plaintiff alleges that alleges that "in its uniform marketing and advertising, Electrolux falsely represented that the Refrigerators were free from defects." *Id.* at ¶ 54. However, Plaintiff has failed to identify the marketing and advertising material containing this representation. As recognized by the court in *Vivar v. Apple Inc.*, 22-cv-0347, 2022 U.S. Dist. LEXIS 164577, 2022 WL 4227309, at *6 (S.D.N.Y. Sept. 12, 2022), Plaintiff's GBL claims "lack the facial plausibility necessary at this stage because [Plaintiff] has not provided the 'writing' or marketing materials containing these alleged representations." *Id*.

Finally, Defendant argues that Plaintiff has failed to allege he has "seen the misleading statements of which he complains before he came into possession of the products he purchased."[2] Def. Mem. at 10. Many Courts with this Circuit have required plaintiffs to allege that they saw the allegedly misleading material to established they were injured as a result of the allegedly deceptive act or practice. *See, e.g., MacNaughton*, 67 F.4th at 98 (recognizing that plaintiff must allege the he/she saw the allegedly misleading statement before purchasing the product); *Morales v. Apple, Inc.*, No. 22-cv-10872 (JSR), 2023 U.S. Dist. LEXIS 151888, at * 5, 2023 WL 5579929 (S.D.N.Y. Aug. 29, 2023) (dismissing GBL claims because the complaint "is

---

[2] Plaintiff has failed to address this argument, thereby conceding he has failed to allege he saw the marketing materials in question prior to purchasing the Refrigerator. *See, e.g., Adams v. New York State Educ. Dep't*, 752 F. Supp. 2d 420, 426 (S.D.N.Y. 2010) (dismissing plaintiffs' race discrimination and age discrimination claims as abandoned where "[Plaintiffs' opposition] papers fail[ed] to address substantive grounds raised by [d]efendants' motions [to dismiss], thereby supporting a finding that the underlying claims have been abandoned.") *aff'd sub nom. Ebewo v. New York State Educ. Dep't*, 460 Fed. Appx. 67 (2d Cir. 2012); *Gill v. Phx. Energy Mgmt.*, No. 15-CV-1102, 2016 U.S. Dist. LEXIS 138093, at *14-15 (E.D.N.Y. Sep. 30, 2016) (deeming ADA retaliation claim abandoned, because "plaintiff neither dispute[d] Defendant's arguments, nor defend[ed] th[e] claim in anyway" and stating that "[w]here, as here, Plaintiff fails to address Defendant's arguments in his opposition, the Court deems Plaintiff's silence as a concession that Plaintiff is abandoning his claim.").

silent as to when plaintiff saw any misrepresentation; let alone that plaintiff saw any misrepresentation prior to purchasing the [product]"); *Suero v. NFL*, No. 22-CV-31 (AKH) (BCM), 2022 U.S. Dist. LEXIS 228206, 2022 WL 17985657, at *7 (S.D.N.Y. Dec. 16, 2022) ("In a case like this, where the plaintiffs say they took a specific action . . . due to defendants' deceptive representations, their claims fail absent 'allegations that Plaintiff[s] actually saw the representations at issue.'")(quoting *Lin*, 640 F. Supp.3d at 360; *In re USAA Data Sec. Litig.*, 2022 U.S. Dist. LEXIS 144562, 2022 WL 3348527, at *10 (S.D.N.Y. Aug. 12, 2022) ("Although justifiable reliance on the alleged misrepresentation or omission is not a requisite element for a claim under Section 349, a plaintiff must plausibly allege he or she was exposed to the deceptive conduct in the first instance."); *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 240 (S.D.N.Y. 2020) ("alleged representations that Plaintiffs do not claim to have seen before purchasing the eggs are non-actionable").  Plaintiff here has failed to allege he saw any of the marketing materials prior to purchasing the Refrigerator.  Indeed, Plaintiff claims he purchased the Refrigerator as part of a matching set, without mention of the marketing materials.  Compl. ¶ 31.  He does not point to any allegedly misleading advertising campaign or press release he was aware of prior to his purchase.   Accordingly, the undersigned respectfully recommends Plaintiff's claims under Section 349 and 350 of the GBL be dismissed.[3]

## 2.  Fraudulent Concealment Claim (Count Two)

"The elements of a fraudulent concealment claim under New York law are: (1) a duty to disclose material facts; (2) knowledge of material facts by a party bound to make such disclosures; (3) failure to discharge a duty to disclose; (4) scienter; (5) reliance; and [(6)] damages." *Woods v. Maytag Co.,* 807 F. Supp. 2d 112, 124 (E.D.N.Y. 2011); *see also City of*

---

[3] The undersigned notes that Defendants have raised other arguments with respect to Plaintiff's claims under the GBL, however, in light of the foregoing, no analysis of those arguments has been undertaken.

*N.Y. v. Smokes-Spirits.com, Inc.,* 541 F.3d 425, 454 (2d Cir. 2008) ("fraud cause of action may be predicated on acts of concealment where the defendant had a duty to disclose material information").  "A duty to disclose arises either where 'the parties are in a fiduciary or other relationship signifying a heightened level of trust' or where 'one party makes a partial or ambiguous statement that requires additional disclosure to avoid misleading the other party or one party possesses superior knowledge not readily available to the other and knows that the other is acting on the basis of mistaken knowledge.'" *Oden v. Bos. Sci. Corp.*, 330 F. Supp. 3d 877, 900 (E.D.N.Y. 2018) (quoting *Naughright v. Weiss*, 826 F. Supp. 2d 676, 690 (S.D.N.Y. 2011).  "[T]he burden of proving fraudulent concealment 'rests squarely on the party pleading [it].'" *United States v. Incorporated Vill. of Island Park*, 791 F. Supp. 354, 370 (E.D.N.Y. 1992) (quoting *Donahue v. Pendleton Woolen Mills, Inc.*, 633 F. Supp. 1423, 1443 (S.D.N.Y. 1986)). The doctrine of fraudulent concealment is applied only in "rare and exceptional circumstances[.]" *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 801 (2d Cir. 2014) (internal quotation marks omitted); *see also Kyszenia v. Ricoh USA, Inc.*, 583 F. Supp. 3d 350, 361 (E.D.N.Y. 2022) (same).

Defendant argues that Plaintiff's fraudulent concealment claim must be dismissed because "Plaintiff has not pled any facts that, if true, would impose a duty on Electrolux to disclose information to Plaintiff" and because "Plaintiff did not plead facts sufficient to show that Electrolux knew of the alleged 'Defect' before Plaintiff bought the Refrigerator." Def. Mem. at 11.  In response,  Plaintiff contends that "Defendants' actionable duty to disclose is established through Defendants' superior knowledge of the defects involving the shelving and potential to cause harm, as compared to that of Plaintiff."  Pl. Mem. at 13.

Under New York law, although the "duty to disclose [normally] arises in the context of

16

'direct business transactions,' courts also impose the duty on 'a manufacturer who has exclusive knowledge of a product defect or danger.'" *Greene v. Gerber Products Co*., 262 F. Supp. 3d 38, 72 (E.D.N.Y. 2017) (quoting *Woods*, 807 F. Supp. 2d at 125).  In *Woods*, District Judge Spatt found that although the duty to disclose normally arises in the context of direct business transactions, there have been instances where courts have simply imposed this duty on manufacturers with exclusive knowledge of a product defect or danger.  *See Woods,* 807 at 125 (Plaintiff can maintain a cause of action against the manufacturer for fraudulent concealment) (collecting cases); *Meeker v. McLaughlin*, 17 cv 5673 (SN), 2018 U.S. Dist. LEXIS 117211, 2018 WL 3410014, at *8 (S.D.N.Y. July 13, 2018) ("A duty to disclose has also been imposed on a manufacturer who has exclusive knowledge of a product defect or danger"); *Miele v. Am. Tobacco Co*., 2 A.D.3d 799, 803, 770 N.Y.S.2d 386, 391 (2003) (recognizing that cigarette manufacturers have a duty to disclose material facts about the dangers associated with smoking to consumers for the purposes of a fraudulent concealment claim).

However, even if Defendant did owe a duty to Plaintiff, Plaintiff has failed to allege facts indicating Defendant was aware of the Defect prior to Plaintiff's purchase of the Refrigerator. Plaintiff points to a series of consumer complaints regarding Defendant's products, however, only four of the complaints were made prior to Plaintiff's purchase of the Refrigerator.  Of these four, only one complaint related to defective drawers.  This single complaint is insufficient to impute knowledge of a defect on Defendant.  *See McQueen v. BMW of N. Am., LLC*, No. 12-CV-6674, 2014 U.S. Dist. LEXIS 21084, 2014 WL 656619, at *4 (D.N.J. Feb. 20, 2014) ("[A]lleg[ations] that BMW had 'notice' or 'knowledge' of the alleged defect because of 'consumer complaints' or 'demands for repairs,' are of little utility to Plaintiff at the motion to dismiss stage because they provide no facts describing those complaints or demands."); *Woods v.*

*Maytag Co*., No. 10-CV-559, 2010 U.S. Dist. LEXIS 116595, 2010 WL 4314313, at *8 (E.D.N.Y. Nov. 2, 2010) ("Although product returns might give rise to a strong inference that the Maytag Defendants were aware of the defect, the Plaintiff's allegations are void of any detail to support such an inference such as how many ovens were returned, when they were returned, or whether the returns related to the same defect."); *see also Teamsters Loc. 445 Freight Div. Pension Fund v. Dynex Cap. Inc*., 531 F.3d 190, 196 (2d Cir. 2008) ("where plaintiffs contend defendants had access to contrary facts, they must specifically identify the reports or statements containing this information") (internal quotation marks omitted); *Baba v. Hewlett-Packard Co*., No. C 09–05946 RS, 2011 WL 317650, at *3 (N.D. Cal. Jan. 28, 2011) ("Awareness of a few customer complaints . . . does not establish knowledge of an alleged defect."). In addition to the customer complaints, Plaintiff claims that Defendant's sale of replacement parts indicates Defendant was aware that the parts were defective. However, Defendant points out that every manufacturer of every mass-produced appliance, of any make or model, sells replacement parts. The law requires it. See 15 U.S.C.A. § 2304. Def. Reply Mem. at 2.

Additionally, as discussed above, Plaintiff has failed to allege that he reviewed any of the allegedly misleading statements prior to his purchase and therefore he has failed to allege reliance, which is also fatal to his claim. *See, e.g., Perkins v. Strong Mem'l Hosp*., No. 6:22-CV-06124 EAW, 2022 U.S. Dist. LEXIS 208076, at * 11, 2022 WL 16964585 (W.D.N.Y. Nov. 16, 2022); *Bos. Sci. Corp*., 330 F. Supp. 3d at 895. Thus, in addition to failing to satisfy Rule 9(b), the undersigned respectfully recommends Plaintiff's claim for fraudulent concealment be dismissed for failure to state a claim.

### 3. Warranty Claims (Counts Three and Four)

Plaintiff has alleged claims for breach of express warranty as well as breach of the

implied warranties of merchantability and fitness for a particular purpose.  "'New York breach of express warranty claims require [i] a material statement amounting to a warranty; (ii) the buyer's reliance on this warranty as a basis for the contract with his immediate seller; (iii) the breach of this warranty; and (iv) injury to the buyer caused by the breach.'" *Richardson v. Edgewell Pers. Care, LLC*, No. 23-128, 2023 U.S. App. LEXIS 28725, 2023 WL 7130940 (2d Cir. Oct. 30, 2023)(quoting *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 244 (S.D.N.Y. 2020)).

"The implied warranty of merchantability is a guarantee by the seller that its goods are fit for the intended purpose for which they are used and that they will pass in the trade without objection." *Caronia v. Philip Morris USA, Inc*., 715 F.3d 417, 433 (2d Cir. 2013) (quoting *Saratoga Spa & Bath, Inc. v. Beeche Sys. Corp*., 230 A.D.2d 326, 330, 656 N.Y.S.2d 787 (3d Dep't 1997)); *see also Lin*, 640 F. Supp. 3d at 363. This standard requires that the goods sold be of "a minimal level of quality." *Caronia*, at 433-34 (quoting *Denny v. Ford Motor Co*., 87 N.Y.2d 248, 258 n.4, 662 N.E.2d 730, 639 N.Y.S.2d 250 (1995)).

With respect to Plaintiff's claim for breach of the warranty of fitness for a particular purpose, "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods," there is an implied warranty that "the goods shall be fit for such purpose.'" N.Y. U.C.C. Law § 2-315; *see also Catalano v. BMW of N. Am., LLC,* 167 F. Supp. 3d 540, 556 (S.D.N.Y. 2016).  "[T]he implied warranty of fitness warrants that goods shall be fit for 'any particular purpose for which the goods are required'" outside the goods' ordinary purpose. *Nemes v. Dick's Sporting Goods, Inc*., 521 F. Supp. 3d 328, 340 (S.D.N.Y. 2021) (quoting N.Y. U.C.C. § 2-315). Importantly, "the implied warranty of fitness for a particular

purpose does not arise in every consumer sale, but only when a seller knows or has reason to know the particular purpose for which a buyer requires goods, and also knows or should know that the buyer is relying on his special knowledge." *Catalano,* 167 F. Supp. 3d at 558 (quoting *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 249 (2d Cir. 1986)).

Defendant argues that Plaintiff's claims for breach of express and implied warranties (Count Three and Four) must be dismissed because Plaintiff does not allege facts showing adequate pre-suit notice, Plaintiff does not allege a breach occurred during the warranty period, Plaintiff has failed to allege privity, and Plaintiff's express warranty claim fails for a lack of reliance. Def. Mem. at 12-15.

### a. Failure to Allege Facts Demonstrating Notice

According to Defendant, Plaintiff's breach of warranty claims must be dismissed because Plaintiff has failed to allege facts demonstrating that he gave Electrolux reasonable, adequate pre-suit notice of an alleged breach. Def. Mem. at 13. In response, Plaintiff contends that he did immediately inform Defendant that the drawers and shelves had broken, relying on allegations set forth in Paragraphs 32 and 33 of the Complaint, and that the filing of the lawsuit satisfies the pre-suit notice. Pl. Mem. at 19.

"In order to asse[r]t a claim for breach of an express or implied warranty under New York law, a buyer must provide the seller with timely notice of the alleged breach." *Valcarcel v. Ahold U.S.A., Inc.*, 577 F. Supp. 3d 268, 282 (S.D.N.Y. 2021) (internal quotations omitted). In Paragraph 32 of the Complaint, Plaintiff alleges that "[t]he three shelves which have drawers underneath them in Plaintiff's Refrigerator began breaking within a year of purchase." Compl. ¶¶ 32. Paragraph 33 alleges that "Plaintiff notified both Electrolux Customer Care and Plesser's Appliances that the shelves were breaking but Electrolux advised him that it was too late to

utilize the warranty." *Id*. at ¶ 33.  The Complaint also alleges that "Defendant has received sufficient and timely notice of the breaches of warranty alleged herein." *Id*. at ¶121.  These allegations are insufficient to establish that Plaintiff provided timely notice of the alleged breach of warranty because Plaintiff has failed to allege when notice was given.  *See MacNaughton*, 67 F.4th at 100-01; *Smith v. Adidas*, 6:22-cv-788 (BKS/ML), 2023 U.S. Dist. LEXIS 155009, 2023 WL 5672576, at *7 (N.D.N.Y. Sept. 1, 2023).  "[P]laintiff must provide factual allegations -- such as the date and method plaintiff sent a pre-suit notice -- supporting the contention that she notified defendant of the alleged breach within a reasonable time." *Grossman v. Simply Nourish Pet Food Co*., 516 F. Supp. 3d 261, 282 (E.D.N.Y. Jan. 27, 2021) (citation omitted); *see also Fish v. Tom's of Me., Inc.,* No. 6:23-CV-110, 2023 U.S. Dist. LEXIS 218587, 2023 WL 8530341 (N.D.N.Y. Dec. 8, 2023) (dismissing breach of warranty claim because "plaintiff has not pleaded with any specificity what form of pre-suit notice he provided to defendant"); *Hoffman v. Kraft Heinz Foods Co*., No. 22-CV-397 (KMK), 2023 U.S. Dist. LEXIS 20929, at *31, 2023 WL 1824795 (S.D.N.Y. Feb. 7, 2023) (dismissing breach of warranty claim where "Plaintiff has failed to adequately allege that he provided Defendant with any manner of pre-suit notice, only vaguely alleging that "Plaintiff provided . . . notice to [D]efendant, its agents, representatives, retailers, and their employees"); *Petrosino v. Stearn's Prods., Inc.,* No. 16-CV-7735, 2018 U.S. Dist. LEXIS 55818, 2018 WL 1614349, at *2 (S.D.N.Y. Mar. 30, 2018) (explaining that "[p]roper factual allegations should, at least, include the date and method by which [the] [p]laintiff afforded [pre-suit] notice to [the] [d]efendant," and dismissing claim for breach of express warranty where "[the] [p]laintiffs failed to allege any facts supporting the allegation that she notified [the] [d]efendant of the alleged breach within a reasonable time after its discovery").

In opposition to Defendant's motion to dismiss Plaintiff's breach of warranty claims,

Plaintiff further argues that even if these allegations are insufficient the filing of the complaint satisfies the notice requirement.  Pl. Mem. at 18-19.  In support of this argument, Plaintiff relies on *Tomasino v. Estee Lauder Cos. Inc.,* which noted that "New York cases applying N.Y. U.C.C. § 2-607(3) suggest that a plaintiff's pleadings may constitute reasonable notice in certain cases." 44 F. Supp. 3d 251, 261 n.6 (E.D.N.Y. 2014).  But the court in *Tomasino* nevertheless found that the plaintiff's delay of "two to three years" in sending the defendant "a formal demand letter" before commencing her lawsuit "constituted unreasonable delay" in providing the defendant with notice of the alleged breach of warranty.  *Id*. at 261.  Here, Plaintiff alleges that the shelves broke within the first year of use (as noted above, the specific date is not alleged), which given Plaintiff's purchase of the refrigerator in November 2019, can be no later than November 2020, which is 19 months prior to the filing of the Complaint.  This gap lacks the temporal proximity required to satisfy the notice requirement. *See Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 242 (S.D.N.Y. 2020) ("The Court does not believe that such an equivocal statement amounts to a binding rule that Plaintiffs' filed complaint, regardless of its temporal distance from the alleged breach of the warranty, satisfies N.Y. U.C.C. § 2-607(3)(a)).

Moreover, the weight of the recent authority has rejected the proposition that the filing of the Complaint can serve as adequate notice in a breach of warranty case. *See, e.g., Velez v. Lasko Prods., LLC*, No. 1:22-cv-08581 (JLR), 2023 U.S. Dist. LEXIS 222356, at *22, 2023 WL 8649894 (S.D.N.Y. Dec. 14, 2023) ("the Court follows the more persuasive and voluminous body of case law rejecting *Tomasino's* notice-by-complaint theory") (citing *Wheeler v. Topps Co.*, 652 F. Supp. 3d 426, 432 (S.D.N.Y. 2023) (collecting cases)); *Miramontes v. Ralph Lauren Corp.*, 2023 U.S. Dist. LEXIS 78991, at *24, 2023 WL 3293424 (S.D.N.Y. May 5, 2023) ("a number of my colleagues have held that neither a complaint itself, nor a complaint alleging the

plaintiff 'provided or will provide notice' is sufficient to satisfy the pre-suit notice requirement").

### b. Lack of Privity

Defendant also argues that Plaintiff's claims for breach of warranty must be dismissed because Plaintiff is not in privity with Defendant.  Def. Mem. at 14.  "[U]nder New York law, express and implied breach of warranty claims seeking to recover for financial injuries, like those here, require a showing of privity between the manufacturer and the plaintiff unless an exception applies." *MacNaughton*, 67 F.4th at 101 (citing *Ebin v. Kangadis Food Inc.,* No. 13 Civ. 2311, 2013 U.S. Dist. LEXIS 174174, 2013 WL 6504547, at *6 (S.D.N.Y. Dec. 11, 2013)); *see also Fish v. Tom's of Me., Inc*., No. 6:23-CV-110, 2023 U.S. Dist. LEXIS 218587, 2023 WL 8530341 (N.D.N.Y. Dec. 8, 2023) ("[plaintiff's]  warranty claims also depend on a plausible allegation of privity between the parties").

Plaintiff argues that pursuant to *Randy Knitwear, Inc. v. Am. Cyanamid Co.*, 11 N.Y.2d 5, 16, 181 N.E.2d 399, 226 N.Y.S.2d 363 (1962), decided before enactment of the UCC, privity is not required.  Pl. Mem. at  18.  However, in light of the Second Circuit's recent decision in *MacNaughton*  that argument is unavailing.  Plaintiff has not alleged facts demonstrating that he was in privity with Defendant, nor has he argued that he falls within any of the exceptions to the general rule. Thus where, as here, Plaintiff alleges only economic injury there must be privity, and since he purchased the Refrigerator from Plesser's and not Defendant, no claim for breach of express or implied warranty exists.  *See Indiviglio v. B&G Foods, Inc.*, No. 22 CV 9545 (VB), 2023 U.S. Dist. LEXIS 231477, 2023 WL 9022866 (S.D.N.Y. Dec. 29, 2023); *Ashour v. Ariz. Beverages United States LLC*, 2022 U.S. Dist. LEXIS 193603 (S.D.N.Y. Oct. 24, 2022). Accordingly, the undersigned respectfully recommends Plaintiff's claims for breach of express

and implied warranty be dismissed with prejudice.[4]

### 4.  Unjust Enrichment Claim (Count Five)

To state a claim for unjust enrichment under New York law, a plaintiff must allege that '(1) the defendant was enriched; (2) at the expense of the plaintiff; and (3) that it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff.'" *Koenig v. Boulder Brands, Inc.,* 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014) (quoting *Baron v. Pfizer, Inc*., 42 A.D.3d 627, 629, 840 N.Y.S.2d 445 (3d Dep't 2007) (citation omitted)). "[U]njust enrichment is not a catchall cause of action[.] It is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790, 967 N.E.2d 1177, 944 N.Y.S.2d 732 (2012) *see also Fuller v. Stop & Shop Supermarket Co*., No. 22-cv-09824 (CS), 2023 U.S. Dist. LEXIS 207864, at *8, 2023 WL 8005319, (S.D.N.Y. Nov. 17, 2023). Courts will routinely dismiss an unjust enrichment claim that "simply duplicates, or replaces, a conventional contract or tort claim." *Ebin v. Kangadis Food Inc.,* No. 13-CV-2311, 2013 U.S. Dist. LEXIS 174174, 2013 WL 6504547, at *7 (S.D.N.Y. Dec. 11, 2013).  As such, "an unjust enrichment claim cannot survive 'where it simply duplicates, or replaces, a conventional contract or tort claim.'" *Koeni*g, 995 F. Supp. 2d at 290 (quoting *Corsello*, 18 N.Y.3d at 790-91); *see also In re Gen. Motors LLC Ignition Switch Litig.,* 257 F. Supp. 3d 372, 433 (S.D.N.Y. 2017) (explaining that unjust enrichment "'is an equitable claim that is unavailable where an adequate remedy at law exists'"); *Mahoney v. Endo Health Sols., Inc.,* No. 15-CV-9841 (DLC), 2016 U.S. Dist. LEXIS 94732, 2016 WL 3951185, at *11

---

[4] Because the Court has recommended that Plaintiff's express and implied warranty claims fail for lack of privity as well as for failing to satisfy the pre-suit notice requirement, the Court does not address Defendant's additional arguments in support of dismissal of those claims.

(S.D.N.Y. July 20, 2016) ("[T]he accusations surrounding the plaintiff's unjust enrichment claim overlap with her fraud, fraudulent concealment, express warranty, and [Section] 349 claims, all of which may proceed. She therefore may not bring an unjust enrichment claim as a catch-all cause of action where she adequate pleads that the defendants committed the recognized tort of fraud and breached an express warranty.").

Defendant argues Plaintiff's unjust enrichment claim must be dismissed because it is duplicative as Plaintiff's other claims.  Def Mem. at 15-16.  In response Plaintiff contends that this claim is not duplicative, but rather is alleged in the alternative.  Pl. Mem. at 20.  Plaintiff, however, does not plead any new or independent facts to support his unjust enrichment theory; rather, he incorporates by reference the earlier allegations in the Complaint and then recites the legal elements of unjust enrichment.  Compl. ¶¶ 126-31.  Without more, Plaintiff's claim for unjust enrichment must be dismissed.  *See Lumbra v. Suja Life, LLC*, 2023 U.S. Dist. LEXIS 92309, 2023 WL 3687425, at *3 (N.D.N.Y. 2023) ("[b]ecause [unjust enrichment] claim is based on the same allegations as Plaintiff's common law and statutory claims, it is indeed duplicative, and thus cannot be maintained"); *see also Chimienti v. Wendy's Int'l, LLC*, No. 22-CV-02880 (HG), 2023 U.S. Dist. LEXIS 176535 (E.D.N.Y. Sep. 30, 2023) ("since Plaintiff's unjust enrichment claim is based on the exact same alleged conduct as his GBL claim, Plaintiff has 'fail[ed] to show how this claim is not purely duplicative of his other claims,' and his 'boiler-plate allegation does nothing to suggest that the circumstances here created an equitable obligation running from defendant to plaintiff.'"); *Campbell v. Whole Foods Market Grp., Inc*., 516 F. Supp. 3d 370, 394 (S.D.N.Y. 2021) (dismissing unjust enrichment claim as duplicative of GBL claim, even though GBL claim survived dismissal, and even though plaintiff purported to make unjust enrichment claim in the alternative); *Winston v. Hershey Co*., No. 19-cv-3735, 2020

U.S. Dist. LEXIS 247128, 2020 WL 8025385, at *7 (E.D.N.Y. Oct. 26, 2020) (dismissing unjust enrichment claim as duplicative of GBL claim).

The unjust enrichment claim is not saved by Plaintiff's argument that it is plead in the alternative. *See, e.g., Duchnik v. Tops Mkts., LLC*, No. 22-CV-399 (JLS) (HKS), 2023 U.S. Dist. LEXIS 116327, at *35, 2023 WL 4827951 (W.D.N.Y. July 6, 2023) (rejecting argument that unjust enrichment plead in the alternative "Plaintiff's unjust enrichment claim fails because it is based on the same facts underlying her statutory and tort claims"); *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017) ("it is equally true that, even pleaded in the alternative, claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action"); *Gordon v. Hain Celestial Grp., Inc.,* No. 16-CV-6526 (KBF), 2017 U.S. Dist. LEXIS 6978, 2017 WL 213815, at *7 (S.D.N.Y. Jan. 18, 2017) ("Although Rule 8(d) permits a plaintiff to plead alternative—and even inconsistent—theories of liability, . . . an unjust enrichment claim must be dismissed when it entirely 'duplicates' other tort or contract claims.") (internal citations omitted); *but see Casio v. Vineyard Vines, LLC*, 2021 U.S. Dist. LEXIS 25115, at * 24, 2021 WL 466039 (allowing claim for unjust enrichment to be plead in the alternative). Thus, in addition to failing to satisfy Rule 9(b), the undersigned respectfully recommends that Plaintiff's claim for unjust enrichment be dismissed as duplicative of Plaintiff's tort and contract claims.

### 5. Negligent Misrepresentation Claim (Count Six)

"Under New York law, a claim for negligent misrepresentation requires the plaintiff to plausibly allege '(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information.'" *Santiful v. Wegmans Food Markets, Inc*., No.

20-CV-2933 (NSR), 2022 U.S. Dist. LEXIS 15994, 2022 WL 268955, at *5 (S.D.N.Y. Jan. 28, 2022) (quoting *Marc J. Bern & Partners LLP v. U.S. Legal Support, Inc.*, No. 17 Civ. 6771 (ER), 2018 U.S. Dist. LEXIS 98497, 2018 WL 2943784, at *6 (S.D.N.Y. June 11, 2018)).  The New York Court of Appeals has explained that:

> It is well settled that [a] claim for negligent misrepresentation requires the plaintiff to demonstrate (1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information.

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.,* 910 F. Supp. 2d 543, 546 (S.D.N.Y. 2012) (quoting *Mandarin Trading v. Wildenstein*, 16 N.Y.3d 173, 180 (N.Y. 2011)).

Defendant contends that Plaintiff's claim for negligent misrepresentation must be dismissed because "there are no facts showing either a special relationship between Plaintiff and [Defendant] or that [Defendant] knowingly made a false representation, and because Plaintiff's claim is barred by the economic loss doctrine." Def. Mem at 17-19.  Plaintiff argues that "it would also be premature to dismiss his negligent misrepresentation claim at this stage of the litigation. Discovery needs to be had to reveal whether the Defendant, which clearly had superior knowledge of its product and warranty, knowingly made" misrepresentations regarding the Refrigerator.  Pl. Mem. at 21-22.  Additionally, Plaintiff argues that the economic loss doctrine does not apply to Plaintiff's claim for negligent misrepresent.  *Id*.

A special relationship exists if the defendant "possess[es] unique or special expertise" or is "in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified." *Sarr v. BEF Foods, Inc.,* No. 18-cv-6409 (ARR) (RLM), 2020 U.S. Dist. LEXIS 25594, 2020 WL 729883, at *6-7 (E.D.N.Y. Feb. 13, 2020). (quoting *Mandarin Trading Ltd.,* 16 N.Y.3d at 180). The Second Circuit has further explained

that where the statement at issue is directed at a "faceless or unresolved class of persons," no duty of care arises. *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 584 (2d Cir. 2005) (quoting *White v. Guarente*, 43 N.Y.2d 356, 361, 401 N.Y.S.2d 474, 372 N.E.2d 315 (N.Y. 1977)). "This requirement carries extra weight "in the commercial context, where a closer degree of trust between the parties than that of the ordinary buyer and seller is required.'" *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 587 (S.D.N.Y. 2021) (quoting *Stoltz v. Fage Dairy Processing Indus., S.A.*, 14 Civ. 3826 (MKB), 2015 U.S. Dist. LEXIS 126880, 2015 WL 5579872, at *24 (E.D.N.Y. Sept. 22, 2015)); *see also Adams v. Tops Markets*, 2023 U.S. Dist. LEXIS 117168, 2023 WL 4828029, at *2 (W.D.N.Y. July 7, 2023) (dismissing claim for negligent misrepresentation where "Plaintiff's allegations describe a relationship which is that of an ordinary buyer and seller"); *Santiful v. Wegmans Food Markets, Inc.,* No. 20-CV-2933 (NSR), 2022 U.S. Dist. LEXIS 15994, 2022 WL 268955, at *5 (S.D.N.Y. Jan. 28, 2022) (finding no special relationship where plaintiff alleged that a duty existed "based on defendant's position as an entity, which has held itself out as having special knowledge and expertise in the production, service, and/or sale of the product type" because "case law is clear that the transactions alleged are insufficient to establish a special relationship for the purposes of a negligent representation"); *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154, 166-67 (S.D.N.Y. 2021) (collecting cases on how basic commercial transactions do not give rise to a special relationship); *Austin v. Albany Law Sch. of Union Univ.,* 38 Misc. 3d 988, 957 N.Y.S.2d 833, 844-45 (App. Div. 2013) (dismissing negligent misrepresentation claim brought by graduates against law school based on alleged misrepresentations posted on the defendant's website and included in its marketing materials used to attract prospective students because the defendant "presented material to prospective students in a broad, generalized format, and there

are no allegations that [the] [defendant] fostered a special relationship with [the] plaintiffs or provided them with personalized information").

In opposition to Defendant's motion to dismiss Plaintiff argues that Defendant had superior knowledge of its product and warranty, however that allegation is not set forth in the Complaint and the assertion in opposition to the motion cannot save Plaintiff's claim from dismissal.  Here, not only has Plaintiff failed to allege privity or near privity with Defendant, Plaintiff in this action has failed to allege that any special relationship existed that would give rise to a claim for negligent misrepresentation.  Plaintiff's contention that discovery is needed to flesh out the existence of a special relationship does not overcome his failure to plead the necessary elements of a claim.  *See Mandarin Trading Ltd.*, 16 N.Y.3d at 181 (affirming dismissal of negligent misrepresentation claim because "the pleadings fail to allege the existence of any relationship" or even "bare, minimal contact" between the parties).

Moreover, where, as here, a plaintiff alleges no physical or property harm, any claim for negligent misrepresentation is barred by the economic loss doctrine.  *See, e.g., Duchnik v. Tops Mkts., LLC,* No. 22-CV-399 (JLS) (HKS), 2023 U.S. Dist. LEXIS 116327, at *31, n.12, 2023 WL 4827951 (W.D.N.Y. July 6, 2023); *Warren v. Whole Foods Mkt. Grp., Inc.,* 574 F. Supp. 3d 102, 117 (E.D.N.Y. 2021); *Hain Celestial Grp., Inc.,* 2017 U.S. Dist. LEXIS 6978, 2017 WL 213815, at *4.  Thus, the undersigned respectfully recommends that in addition to failing to satisfy Rule 9(b), Plaintiff's negligent misrepresentation must be dismissed for failure to state a claim.

### 6.   Implied Covenant of Good Faith and Fair Dealing (Count Seven)

"New York law does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same

facts, is also pled." *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013). "Therefore, when a complaint alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant." *Id.*; *see also 4 Kids Entm't, Inc. v. Upper Deck Co.,* 797 F. Supp. 2d 236, 241 (S.D.N.Y. 2011) ("New York does not recognize a separate claim for breach of an implied covenant of good faith where a contract exists. Either the contract's terms were breached or they were not, and 'good faith and fair dealing' does not imply any obligation above and beyond the terms of the parties' actual agreement.").  "Even where the breach of contract claim is dismissed, the good faith/fair dealing claim will be dismissed if it is redundant." *Lorterdan Props. at Ramapo I, LLC v. Watchtower Bible & Tract Soc'y of N.Y., Inc.*, No. 11 Civ. 3656 (CS), 2012 U.S. Dist. LEXIS 95693, 2012 WL 2873648, at *8 (S.D.N.Y. July 10, 2012).

Defendant argue that Plaintiff's claim for breach of the covenant of good faith and fair dealing must be dismissed because it is not an independent cause of action in New York, nor is it an alternative theory to a contract claim based on the same facts.  Def. Mem. at 19.  Plaintiff contends that he has sufficiently pled that that he has been deprived of the benefit of his bargain by Defendant's failure to replace the faulty, broken drawers and frames under the bargained for warranty.  Pl. Mem. at 22.  In *Orange Transp. Servs., Inc. v. Volvo Grp. N. Am., LLC*, 450 F. Supp. 3d 311 (W.D.N.Y. 2020), the Court dismissed Plaintiff's claim for breach of the implied covenant of fair dealing as duplicative of its breach of warranty claims pointing out that "[plaintiff] has simply asserted that [defendant] breached the implied covenant by failing to notify it of the engine defect and failing to fully and properly repair the defect."  *Id*. at 324; *see also Haft v. Haier US Appliance Sols., Inc.,* No. 21-CV-00506, 2022 U.S. Dist. LEXIS 2509, 2022 WL 62181 (S.D.N.Y. Jan. 5, 2022) (dismissing claim where "Plaintiffs allege that

30

Defendant breached the implied covenant by failing to inform Plaintiffs of the defective soda lime glass doors and for failing to repair that defect"). Similarly, here, Plaintiff alleges Defendant breached its obligations by suppling "the Refrigerator in a condition which does not meet the warranty obligations undertaken by Electrolux and by failing to repair or replace the defective Refrigerator or defective parts." Compl. ¶120 (incorporated by reference into Plaintiff's claim for breach of the implied covenant of fair dealing).

Accordingly, it is respectfully recommended that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing should be dismissed.

### F. Plaintiff's Application to Amend

Plaintiff sought permission to amend the complaint should the Court's decision on the motion deem such an amendment necessary. The undersigned recommends that the Plaintiff's request be denied. Plaintiff has failed to provide the Court with a proposed amended pleading setting forth the claims he wishes to assert as required by Rule 15. "To satisfy the requirement of particularly in a motion to amend a pleading, the proposed amended pleading must accompany the motion so that both the Court and opposing parties can understand the exact changes sought." *Curry v. Campbell*, No. 06-CV-2841, 2012 U.S. Dist. LEXIS 40341, 2012 WL 1004894, at *7 (E.D.N.Y. Mar. 23, 2012) (internal quotation marks and citation omitted). "Indeed, even after he was made aware of this omission, Plaintiff did not seek leave from this Court to supplement his briefing to include his proposed amended pleading." *Capak v. Epps*, 18-cv-4325 (RA) (KHP), 2020 U.S. Dist. LEXIS 63479 (S.D.N.Y. Apr. 7, 2020). "Neither Defendants nor the Court can properly evaluate whether the proposed amendment has any merit absent a proposed pleading." *Id.* (*citing Owens v. Textron Fin. Corp.,* No. 13 CV 5948(VB), 2014 U.S. Dist. LEXIS 113285, 2014 WL 3887181, *5 (S.D.N.Y. July 14, 2014), aff'd 590 F. App'x 83 (2d Cir. 2015) (denying

motion to amend because plaintiff had not submitted proposed amended pleading or demonstrated that the amendment would not be futile); *American Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 233 F.R.D. 327, 329-30 (S.D.N.Y. 2005) (failing to provide proposed amended pleading was prejudicial to defendant); *Gibbs v. Goord*, No. 02-cv-4556, 2003 U.S. Dist. LEXIS 15203, 2003 WL 22052313, *8 (S.D.N.Y. Sept. 4, 2003) (denying motion to add defendant where plaintiff failed to submit proposed amended complaint)). In light of the pleading deficiencies identified in this report and recommendation, the undersigned recommends that Plaintiff's motion to amend be denied with leave to refile in accordance with the local rules.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Any requests for an extension of time for filing objections must be directed to Judge Azrack prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Mejia v. Roma Cleaning, Inc*., No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).


Dated:   Central Islip, New York                    **SO ORDERED:**
         January 30, 2024

_____/s_____
ARLENE R. LINDSAY