UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
------------------------------------------------------------------------X  
DAVID STERN On Behalf of Himself and All  
Other Persons Similarly Situated, ,

                        Plaintiff,

-against-

ELECTROLUX HOME PRODUCTS, INC.,

                        Defendants.  
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**  
22-CV-3679 (JMA) (ARL)

**AZRACK, United States District Judge:**

Presently before the Court is Defendant's motion to dismiss; Magistrate Judge Arlene Lindsay's Report and Recommendation ("R&R") on the motion dismiss, which recommends that the motion be granted; and Plaintiff's objections to the R&R. As explained below, the Court ADOPTS the R&R, GRANTS Defendant's motion to dismiss, and denies Plaintiff's motion to amend with leave to refile in accordance with the local rules.

The Court presumes familiarity with the Complaint, the R&R, and the parties' briefing on the underlying motion to dismiss and the subsequent objections.

### I.     LEGAL STANDARD

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b)(3); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). When a party makes specific objections, the court reviews de novo those portions of the R&R to which objection is made. See id.; see also FED. R. CIV. P. 72(b)(3); Kruger v. Virgin Atl. Airways, Ltd., 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), aff'd, 578 F. App'x 51 (2d Cir. 2014). But where "a party makes only conclusory or general objections, or simply reiterates the

original arguments," the court reviews the R&R "strictly for clear error." See Washington v. Gilman Mgmt. Corp., 2023 WL 6211022, at *3 (E.D.N.Y. Sept. 25, 2023); see also Thomas v. City of N.Y., 2019 WL 3491486, at *4 (E.D.N.Y. Jul. 31, 2019) (same).

To accept those portions of an R&R "to which no timely objection has been made," however, "a district court need only satisfy itself that there is no clear error on the face of the record." Lorick v. Kilpatrick Townsend & Stockton LLP, No. 18-CV-7178, 2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022) (quoting Ruiz v. Citibank, N.A., 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); see also Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011). Clear error will be found only when, upon review of the entire record, the Court is "left with the definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quoting United States v. Garcia, 413 F.3d 201, 222 (2d Cir. 2005)). Moreover, "the district court 'will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.'" Fossil Grp., Inc. v. Angel Seller LLC, 627 F. Supp. 3d 180, 186–87 (E.D.N.Y. 2022) (quoting United States v. Gladden, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019)). Such arguments "may not be deemed objections at all." Piligian v. Icahn Sch. of Med. at Mount Sinai, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) (internal quotation marks omitted).

## II. DISCUSSION

### a. GBL §§ 349 and 350 Claims

The R&R recommends dismissal of Plaintiffs' GBL claims on various grounds. The R&R recommends that Plaintiff's GBL misrepresentation claims be dismissed because the challenged statements are all either non-actionable puffery or unrelated to the "durability or quality of the shelves and drawers." (R&R at 13–14.) Plaintiff objects to these aspects of the R&R. After

reviewing these issues de novo, the Court overrules Plaintiffs' objection on these points and adopts these aspects of the R&R for the reasons stated therein.

The R&R also recommends that all of Plaintiff's GBL claims be dismissed because Plaintiff failed to allege that he saw "any of the marketing materials prior to purchasing the Refrigerator." (R&R at 15.) The R&R also stressed that Plaintiff did not address this argument in its opposition brief. (R&R at 14 n.2)

Plaintiff objects to the R&R's analysis of this issue, arguing that he is not required to plead such facts in order to state claims under GBL §§ 349 and 350.

The Court declines to consider Plaintiff's objection on this issue, as he failed to raise this argument in his opposition brief on the underlying motion to dismiss. Defendant's opening brief argued that Plaintiff was required to plead that he saw the statements at issue before he purchased the Refrigerator. (Def. Mem. at 10, ECF No. 26-1.) Plaintiff elected not to address this argument in any fashion in his opposition brief. In Defendant's reply brief, Defendant reaffirmed that it sought dismissal of all of Plaintiff's GBL claims on this ground because Plaintiff failed to allege that he ever saw or read any of the marketing materials at issue. (Def. Reply Mem. at 8, ECF No. 26-6.)

Because no proper objection is before the Court on this issue, the Court reviews the R&R for clear error on this issue. There is ample caselaw that supports the R&R's analysis and recommendation. See, e.g., Grossman v. GEICO Cas. Co., No. 21-2789, 2022 WL 1656593, at *3 (2d Cir. May 25, 2022); Chimienti v. Wendy's Int'l, LLC, 698 F. Supp. 3d 549, 557 (E.D.N.Y. 2023) Suero v. NFL, No. 22-CV-31 (AKH) (BCM), 2022 WL 17985657, at *13 (S.D.N.Y. Dec. 16, 2022); Lugones v. Pete & Gerry's Organic, LLC, 440 F. Supp. 3d 226, 240 (S.D.N.Y. 2020).

3

The Court acknowledges that there is divided caselaw on this issue, with some district courts—including the cases cited for the first time in Plaintiff's objections—concluding that the plaintiff was not required to "state explicitly in her complaint that she saw the misleading advertisement." Fishon v. Peloton Interactive, Inc., No. 19-CV-11711, 2020 WL 6564755, at *9 (S.D.N.Y. Nov. 9, 2020). There is a split in authority on this issue and neither the Second Circuit nor New York courts have definitively resolved this question.

The Court finds that, given this split in authority, the R&R's recommendation to dismiss Plaintiff's GBL Claims on this ground was not clear error.[1] See Peterkin v. FedEx Freight, Inc., No. 20-CV-4439, 2021 WL 4520032, at *3 (E.D.N.Y. Oct. 4, 2021) ("Given this split, and the fact that the Second Circuit has not spoken to the issue, I need not delve too deeply into the merits. I conclude that the R&R is not the product of 'clear error,' and accordingly adopt its conclusion."); Valdez v. MichPat & Fam, LLC, No. 20-CV-2570, 2022 WL 950450, at *14 (E.D.N.Y. Mar. 30, 2022) (finding that magistrate judge's recommendation was "not clearly erroneous because district courts are split" on the issue), appeal withdrawn, No. 22-789, 2022 WL 2677030 (2d Cir. Apr. 29, 2022); Bowie v. Woodruff, No. 18-CV-00266, 2019 WL 5445519, at *1 (N.D.N.Y. Oct. 23, 2019) ("[C]onsidering the intra-Circuit split on this issue, the Court cannot say that the magistrate judge's determination here rises to the level of clear error.")

### b. Fraudulent Concealment

The R&R recommends dismissal of Plaintiff's fraudulent concealment claim (Count Two) because Plaintiff failed to sufficiently allege facts suggesting that Defendant was aware of the alleged defect prior to Plaintiff's purchase of the Refrigerator. (R&R at 17.) The R&R stressed

---

[1] The Court's conclusion that there is no clear error in the R&R is further bolstered by the Complaint's allegation that Plaintiff purchased the Refrigerator as part of a matching set of appliances—a fact that makes it even less likely that Plaintiff viewed any of the marketing materials at issue.

4

that only four of the consumer complaints cited in the Complaint were made prior to Plaintiffs' purchase and "only one complaint related to defective drawers." (R&R at 17.) The R&R reasoned that "this single complaint is insufficient to impute knowledge of a Defect to Defendant." (R&R at 17.) In his objections, Plaintiff asserts that the R&R mischaracterizes the three consumer complaints cited in his pleading and that the allegations in his Complaint were sufficient. The Court disagrees.

First, a consumer complaint dated November 3, 2017 states that the "shelves get stuck and fall down when they are opened." (Compl. at 19–20.) The nature of this complaint is entirely unclear. The Court does not even understand how the "shelves" can be "opened." The Complaint does not plausibly allege that this consumer complaint—which is both confusing and also says nothing about breakage—involves the defect at issue in this action.

Second, although a consumer complaint dated October 23, 2019 states that "two of the shelves broke after a year," this complaint states that the consumer had owned the refrigerator at issue for "five years." (Compl. at 18.) Given Plaintiff's admission that Defendant began selling the Gallery Line of appliances in 2017, (Compl. ¶ 3), the October 23 complaint—which appears to concern a different refrigerator that is not even at issue in this action—does not plausibly indicate pre-sale knowledge of the alleged defect.

Third, a consumer complaint dated October 1, 2019 states: "Bought 9/2 got it 9/8 broken shelves cracked drawers still waiting on new." (Compl. at 18.) This consumer complaint appears to concern shelves that arrived broken and were damaged during the shipping process. Even assuming that this consumer complaint is about the alleged defect at issue, this single complaint is insufficient to plausibly allege pre-sale knowledge of the alleged defect. Moreover, even assuming

5

arguendo that the October 23, 2019 also concerned the alleged defect, these two complaints are insufficient to alleged pre-sale knowledge of the alleged defect.

Plaintiff's objection also asserts that he has sufficiently alleged pre-sale knowledge of the defect because Defendant has sold replacement shelf frames since 2010. The mere fact that Defendant sells replacement parts is insufficient. While Plaintiff asserts that the R&R erred in concluding that 18 U.S.C. § 2304 requires manufacturers to sell replacement parts, even assuming arguendo that Plaintiff's interpretation of § 2304 is correct, that does not save Plaintiff's Complaint. The Court does not need to rely on § 2304 to conclude that the mere sale of replacement parts is insufficient to plausibly allege pre-sale notice of a defect. Plaintiff's objection does not point to any caselaw to the contrary. The allegations in the Complaint are, when considered together, simply insufficient to plausibly allege that Defendant was aware of the alleged defect prior to Plaintiff's purchase.

### c. The Express and Implied Warranty Claims

The R&R recommends dismissal of Plaintiff's express and implied warranty claims on the ground that Plaintiff failed to allege sufficient facts demonstrating notice. The Court overrules Plaintiff's objection on this point and adopts the R&R's recommended dismissal of both warranty claims. The Court also overrules Plaintiff's objection to the R&R's recommended dismissal of the implied warranty claim on privity grounds. It is unnecessary to address Plaintiff's objection concerning privity and the express warranty claim because that claim fails on the independent ground of notice.

### d. Plaintiff's Remaining Objections

The Court has considered all of Plaintiff's other objections, overrules those objections, and adopts those aspects of the R&R.

## III.  Conclusion

As explained above, the Court adopts the R&R's recommendation that:  (1) Defendant's motion to dismiss be granted; and (2) Plaintiff's motion the amend the complaint be denied with leave to refile in accordance with the local rules.

**SO ORDERED.**

Dated:   September 26, 2024
             Central Islip, New York

(/s/ JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
